**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Suzette BLAND, Defendant–Appellant.**

**No. 07–30026.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed June 21, 2007.

---

Helen J. Brunner, Esq., Norman McIntosh Barbosa, Esq., Kathryn A. Warma, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Nancy D. Tenney, Esq., Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Defendant–Appellant.

Suzette Bland, Tacoma, WA, pro se.

Before: B. FLETCHER and PREGERSON, Circuit Judges, and SELNA,* District Judge.

## MEMORANDUM **

Defendant–Appellant Suzette Bland timely appeals her district court conviction and sentence for two counts of social security fraud in violation of 42 U.S.C. §§ 1383a(a)(2) and 1383a(a)(3). Bland contends the district court improperly admitted hearsay statements made by her mother, Gabrielle Smith. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

■ The district court erred by admitting Smith's statements to Agent Joseph Rogers that entries in her At–A–Glance book represented grocery money she had given Bland as non-hearsay. In each of the "false exculpatory statement" cases cited by the government, the prosecution presented additional evidence to show that the purported exculpatory statements were, in fact, false. *See United States v. Newman*, 6 F.3d 623, 628 (9th Cir.1993); *United States v. Candoli*, 870 F.2d 496, 508 (9th Cir.1989); *United States v. Hackett*, 638 F.2d 1179, 1186–87 (9th Cir.1980). Here, Agent Rogers' speculative testimony as to what he believed the notations referred to falls well short of demonstrating that Smith's statements were false. In the absence of evidence contradicting Smith's explanation of the notations, Smith's statements to Agent Rogers should not have been admitted as non-hearsay false exculpatory statements.[1]

---

* Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Admitting Smith's statements to Agent Rogers also violated the Confrontation Clause. Smith's responses to Agent Rogers' questions

■ The district court also erred by admitting Smith's statements to Agent Scott Henderson and the statements in the 2004 At–A–Glance book as statements of a coconspirator. *See* Fed.R.Evid. 801(d)(2)(E). The government's independent evidence falls well short of establishing the existence of a conspiracy between Smith and Bland, even were we to consider the hearsay statements themselves. As discussed above, the government failed to show that Smith's "false exculpatory statements" were, in fact, false. Evidence that Bland may have worked in Smith's salon in no way shows that they conspired to defraud the Social Security Administration. Finally, the government made no showing that Smith's 2001 statement that Bland was an unpaid intern was false. In the absence of "fairly incriminating" independent evidence that Smith and Bland knew of, and participated in, a conspiracy, the district court erred by admitting Smith's statements as coconspirator statements. *See id.; United States v. Castaneda,* 16 F.3d 1504, 1508 (9th Cir.1994).

■ Finally, the 2004 At–A–Glance book was not properly admissible under the business records hearsay exception. *See* Fed.R.Evid. 803(6). Although many of the entries in the book may relate to salon appointments, the book also contains statements that do not clearly relate to salon business. Given the divergent types of information that the book appears to contain, Agent Henderson's one-time observation of Bland recording a single appointment in a similar book in 2005 could not give him a sufficient understanding of the alleged record-keeping system to lay the foundation required by Rule 803(6). This is particularly true here, where the government sought to introduce the book, in part, to show how much money Bland was paid, rather than the fact that certain appointments had been made.

■ Admitting Smith's statement to Agent Henderson that "the other stylist" was her daughter and that they worked together was harmless error in light of the testimony by other witnesses who observed Bland working in the salon. Admitting Smith's statements to Agent Rogers and the statements contained in the 2004 At–A–Glance book, however, was error and was not harmless. This was the only evidence which tended to show that Bland was paid for her activities in the salon. Although proof of work-related income was not necessary to prove social security fraud, *see United States v. Somsamouth,* 352 F.3d 1271, 1277 (9th Cir.2003), the government repeatedly emphasized the payments that Bland had allegedly received for her work. In light of the emphasis placed on paid activities, there is no fair assurance that the jury was not substantially swayed by this evidence.

The district court erroneously admitted the hearsay statements, and the error was not harmless. Bland's conviction is reversed.[2]

**REVERSED.**

---

following Bland's arrest were testimonial statements. *See Davis v. Washington,* —— U.S. ——, 126 S.Ct. 2266, 2273–74, 165 L.Ed.2d 224 (2006). The government did not show that Smith was unavailable as a witness, and Bland did not have a prior opportunity to cross-examine. Thus, admitting these statements violated the Confrontation Clause. *See Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

**2.** Because we reverse on this ground, we do not reach Bland's argument regarding the

prior bad acts instruction. Bland's contention that the district court erred in sentencing is necessarily moot.

